UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEIL M NELSON, | CASE NO. C12-2012 MJP |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| FLAGSTAR BANK FSB, | |
| Defendant. | |

This case comes before the Court on the motion of Defendants Northwest Trustee Services, Inc. ("NWTS") and Becky Baker to dismiss for failure to state a claim. (Dkt. No. 15). Plaintiffs filed no response to the motion. Having reviewed the motion and all related papers, the Court GRANTS the motion and dismisses the claims against NWTS and Baker.

**Background**

In 2001 Plaintiffs executed a promissory note in the amount of $148,000, payable to Flagstar Bank. Plaintiffs also executed a deed of trust ("Deed of Trust") as collateral for the loan. About a year later, Flagstar assigned the Deed of Trust to Federal National Mortgage Association ("Fannie Mae"). Fannie May recorded an appointment of successor trustee in 2003

naming NWTS. Defendant Becky Baker an employee of NWTS signed this document. Five years later, Chase Home Financing recorded a second appointment of successor trustee and named NWTS. A third appointment of successor trustee was recorded in 2012, naming NWTS successor trustee for JP Morgan Chase ("Chase").

Plaintiffs assert claims for slander of title, breach of fiduciary duty, violations of the Consumer Protection Act ("CPA"), complaint for a temporary restraining order, violations of the Fair Debt Collections Practices Act ("FDCPA"), violations of the Fair Credit Reporting Act ("FCRA"), and violations of the Real Estate Settlement Procedures Act ("RESPA").

Defendants NWTS and Baker moves to dismiss Plaintiffs' claims.

**Discussion**

A. <u>Legal Standard</u>

A motion to dismiss filed pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-6 (1957). On a motion to dismiss, the Court must accept the material allegations in the complaint as true and construe them in the light most favorable to Plaintiff. <u>Aschcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id</u>. at 662 (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 554, 570 (2007)). The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555.

Plaintiffs filed nothing in response to this motion to dismiss, which is now past its noting date. The Court is mindful of CR 7(b)(2): "If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." The Court considers Plaintiffs' failure to respond an admission. Even apart from that admission,

1  the Court finds the Complaint is deficient as to NWTS and Baker and GRANTS the motion to
2  dismiss.

3      B.  <u>Slander of Title</u>

4      As Defendants correctly argue, the Complaint fails to allege any facts for a slander of title
5  claim. Slander of title is defined as: (1) false words; (2) maliciously published; (3) with
6  reference to some pending sale or purchase of property; (4) which go to defeat plaintiff's title;
7  and (5) result in plaintiff's pecuniary loss. <u>Rorvig v. Douglas</u>, 123 Wn.2d 854, 860 (1994). But,
8  "malice," a necessary element of slander of title, is not present where allegedly slanderous
9  statements were made in good faith and were prompted by a reasonable belief in their veracity.
10 <u>Brown v. Safeway Stores, Inc.</u>, 94 Wn.2d 359, 375 (1980). Here, Plaintiffs assert the documents
11 are false. Plaintiffs do not allege any facts to show the Defendants acted with malice; the slander
12 of title claim is dismissed against NWTS and Baker.

13     C.  <u>Breach of Fiduciary Duty</u>

14     Plaintiff asserts a generalized breach of fiduciary duty claim against all defendants. But,
15 NWTS nor Baker are fiduciaries or had fiduciary duties to Plaintiffs. Washington law is clear:
16 "the trustee or successor trustee shall have no fiduciary or fiduciary obligation to the grantor or
17 other persons having an interest in the property subject to the deed of trust." Instead, RCW
18 61.24.010(4) establishes a trustee's duty as that of "good faith." Because a trustee has no
19 fiduciary duty, this claim fails as a matter of law.

20     D.  <u>Consumer Protection Act</u>

21     Plaintiff asserts a claim for violations of the CPA, but fails to allege any facts underpinning a
22 deceptive or unfair business practice by Defendants. The CPA prohibits "[u]nfair methods of
23 competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."
24

1  RCW 19.86.020. A private cause of action exists under the CPA if (1) the conduct is unfair or

2  deceptive, (2) occurs in trade or commerce, (3) affects the public interest, and (4) causes injury

3  (5) to plaintiff's business or property. Hangman Ridge Training Stables, Inc. v. Safeco Title Ins.

4  Co., 105 Wn.2d 778, 780 (1986).

5      Here, the Complaint merely states: "Defendants have engaged in a pattern of unfair business

6  practices in violation of the Washington Consumer Protection Act…" (Dkt. No. 1 at 6.) The

7  Complaint is conclusory, without any facts to show Defendants engaged in an unfair or deceptive

8  business practice. Because the Complaint falls below federal pleading standards, the Court

9  dismisses the CPA claim.

10      E.  Fair Debt Collection Practices Act

11      Plaintiffs' claim for violation of the FDCPA is also deficient because the complaint does not

12  allege any facts to support the conclusion NWTS nor Baker are debt collectors. No allegation is

13  made that they participated in debt collecting. Consequently, this claim fails too.

14      F.  Fair Credit Reporting Act

15      The Complaint contains no facts to suggest NWTS or Baker reported or were required to

16  report to a credit reporting agency. This is a predicate to any liability under the FCRA. See 15

17  U.S.C. §1681, Gorman v. Wolpoff & Abramson, 584 F.3d 1147, 1153 (9th Cir. 2009).

18      G.  Real Estate Settlement Procedures Act

19      Last, Plaintiffs do not allege a RESPA claim against NWTS or Baker. The complaint does

20  not allege any facts or legal theory that would apply RESPA to a successor trustee and its

21  employee. Because there are simply no facts to plausibly support NWTS and Baker's liability

22  under RESPA, this claim too is dismissed.

23  //

24

**Conclusion**

Because the Complaint fails to allege sufficient facts on which relief may be granted, Plaintiffs' claims against NWTS and Baker fail as a matter of law. The clerk is ordered to provide copies of this order to all counsel.

Dated this <u>6th</u> day of February, 2013.

Marsha J. Pechman
Chief United States District Judge